FILED IN CHAMBERS
THOMAS W. THRASH JR.
U. S. D. C. Atlanta

SEP 16 2009

JAMES N. HATTEN, Clerk
By /s/ Danielle
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| REGINALD MOONEY, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:07-CR-0004-TWT-JFK-1 |
| UNITED STATES OF AMERICA, | :: | |
| Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:09-CV-1697-TWT |

## ORDER AND OPINION

This matter is currently before the Court on Movant Reginald Mooney's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 43), the Government's response thereto (Doc. 45), and Movant's traverse (Doc. 46).

## I. PROCEDURAL HISTORY

A federal grand jury indicted Movant for escape from custody, in violation of 18 U.S.C. § 751(a). (Doc. 5). Movant pled guilty, without a negotiated plea agreement. (Doc. 15). Prior to sentencing, the probation officer prepared a presentence investigation report ("PSI"), finding that Movant was a career offender under U.S.S.G. § 4B.1. (PSI ¶ 36). Movant's prior convictions included drug trafficking offenses and a crime of violence. (Id.). The prior drug convictions were separated by intervening arrests, and although Movant was charged in separate

indictments, he pled guilty to all of the cases on the same day in the Fulton County Superior Court. (Id. ¶¶ 24, 25-28). Movant's other prior conviction was entered in this Court in 2003 for possession of a firearm in relation to a drug trafficking crime. (Id. ¶ 31).

On June 6, 2007, this Court sentenced Movant to thirty-seven (37) months of imprisonment to run consecutively to the undischarged term of imprisonment in his underlying federal case. (Doc. 21). Movant sought and obtained permission from this Court to file an out-of-time notice of appeal. (Docs. 22, 25). On January 3, 2008, the United States Court of Appeals for the Eleventh Circuit affirmed Movant's sentence, finding that this Court "did not abuse its discretion when it ordered [Movant's] sentence to run consecutively to his pre-existing sentence." (Doc. 41 at 7-8).

On June 17, 2009, Movant, proceeding pro se, submitted the instant motion to vacate his sentence, claiming that Amendment 709 to the United States Sentencing Guidelines, which became effective on November 1, 2007, entitles him to a sentence reduction because it mandates that his prior drug trafficking

AO 72A
(Rev.8/82)

convictions be counted as a single offense.[1] (Doc. 43). The Government responds that Amendment 709 does not apply to Movant's prior convictions because they were separated by an intervening arrest, and even if Amendment 709 did apply, Movant is still subject to the career offender provisions because he would still have one consolidated drug trafficking offense and one crime of violence, as required by U.S.S.G. § 4B1.1(a)(3). (Doc. 45 at 4-6). In reply, Movant admits that his prior drug offenses were separated by intervening arrests, but contends that, pursuant to Amendment 709, they must be counted as a single offense because they "were consolidated into one sentence." (Doc. 46 at 3).

## II. DISCUSSION

### A. General standards

A federal prisoner may file a motion to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject

---

[1] It appears that Movant's § 2255 motion may be time-barred. The Government, however, has not pled the statute of limitations as an affirmative defense, and this Court finds that the interests of justice would be better served by addressing the merits.

3

to collateral attack." 28 U.S.C. § 2255(a). It is well-settled that "to obtain collateral relief, a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982).

An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). See Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991) (noting that, although prisoner seeking collateral relief is entitled to evidentiary hearing if relief is warranted by facts he alleges, which court must accept as true, hearing is not required if record conclusively demonstrates that no relief is warranted). Thus, no hearing is required where, as here, the case is ready for disposition.

B. **Amendment 709**

Amendment 709, which is now in effect at U.S.S.G. § 4A1.2(a)(2), provides, in pertinent part, that:

> If the defendant has multiple prior sentences, determine whether those sentences are counted separately or as a single sentence. Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses

4

contained in the same charging instrument; or (B) the sentences were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence.

U.S.S.G. App. C, Amendment 709 (Nov. 2007). The commentary to Amendment 709 explains that:

> Under the amendment, the initial inquiry will be whether the prior sentences were for offenses that were separated by an intervening arrest (i.e., the defendant was arrested for the first offense prior to committing the second offense). If so, they are to be considered separate sentences, counted separately, and no further inquiry is required.

U.S.S.G. § 4A1.2, comment. (backg'd).

Movant admits that his prior drug offenses were separated by intervening arrests. Accordingly, under the amendment, they were properly counted separately, and the fact that the sentences were imposed on the same day is irrelevant. Alternatively, even assuming that Movant's prior drug offenses were counted as a single sentence, he would still qualify as a career offender under U.S.S.G. § 4B1.1 because he would have at least two prior felony convictions, i.e., the consolidated drug conviction and his federal conviction for possession of a firearm in relation to a drug trafficking crime. Therefore, Movant is not entitled to § 2255 relief.

AO 72A
(Rev.8/82)

## III. CONCLUSION

For the foregoing reasons, this Court finds that the record conclusively demonstrates that Movant is not entitled to 28 U.S.C. § 2255 relief, and thus, no evidentiary hearing is required. See Diaz, 930 F.2d at 834. Accordingly, Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 43) is **DENIED**.

**IT IS SO ORDERED** this 16 day of September, 2009.

*Thomas W. Thrash*
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)